In the Matter of the Estate of ROBERT R. ECKERT, Deceased. EVA S. ECKERT et al., as Trustees under the Last Will of ROBERT R. ECKERT, Deceased, Appellants; TOWN OF COLCHESTER, Respondent.

Third Department, January 31, 1974.

*Paternoster & Estes (Francis R. Paternoster* of counsel), for appellants.

*Paul F. Eaton* for respondent.

HERLIHY, P. J. This is an appeal from a decree of the Surrogate's Court of Delaware County, entered March 26, 1973, which construed testator's will so as to apply the cy pres doctrine to a trust fund which had been established to provide funds for a cemetery corporation which subsequently ceased to operate.

As relevant to this proceeding, the testator's last will and testament provided, in part, as follows: " The first of said portions (hereinafter referred to as ' portion A ') to be managed, invested and reinvested and the income thereof collected and applied and paid over to the COOKS FALLS CEMETERY CORPORATION, Cooks Falls, New York, for the care and maintenance of the cemetery in perpetuity or as long as the property is operated as a cemetery. If the property shall cease to be operated as a cemetery, or if the Cooks Falls Cemetery Corporation shall cease to exist or cease to continue to operate and maintain said cemetery, then I direct that said portion A shall be combined with the second portion (hereinafter referred to as ' portion B ') to be held, administered and disposed of in accordance with paragraph B of this Article FOURTH."

Prior to receiving any funds from the trust the Cooks Falls Cemetery Corporation had such difficulties that it applied to the Delaware County Court for permission to transfer all of

its assets, including its interest in the trust, to the Town of Colchester, which permission was granted by an order of that court entered September 17, 1970. It does not appear that the cemetery corporation has ceased to exist, however, it has clearly ceased to operate a cemetery. The petitioners instituted this proceeding to obtain a determination as to whether the trust would be continued with its benefits going to the Town of Colchester as successor to the cemetery corporation or the trust would be combined with " portion B " as provided in the above-quoted language.

The Surrogate's Court determined that, from the above language, it was the testator's primary intention to provide for the care of the cemetery, regardless of the operation by the Cooks Falls Cemetery Corporation and that so much of the above-quoted language as referred to the failure of the cemetery corporation to continue to operate and maintain the cemetery was mere surplusage. Thereupon the trial court applied the cy pres doctrine to preserve the charitable intent and directed that the benefits of the trust would go to the Town of Colchester for the operation of the cemetery.

There can be no doubt that the testator was greatly concerned with the care and maintenance of the cemetery and that this is a charitable intent. However, it is notable that the testator did not turn over the trust assets to the Cooks Falls Cemetery Corporation to be administered for the care and maintenance of the cemetery. The language utilized by the testator establishes a clear intention on his part not only to provide for such care and maintenance of the cemetery but to do so solely through the Cooks Falls Cemetery Corporation. The additional provisions following the forfeiture of the trust if the property were no longer operated as a cemetery would be inexplicable unless the testator intended to solely rely upon the Cooks Falls Cemetery Corporation. While the language in this case is different than that involved in *Matter of Syracuse Univ. (Heffron)* (3 N Y 2d 665, 666) the doctrine of that case is applicable here. The language utilized by the testator indicates such a clear intention to provide care and maintenance for the cemetery property solely through the cemetery corporation that an application of the cy pres doctrine would render reliance upon a will useless.

The decree should be modified, on the law and the facts, by striking the second and third decretal paragraphs thereof and decreeing in their place that the trust designated as portion " A " of paragraph FOURTH is to be combined with that created as portion " B " of said paragraph FOURTH for the purpose of

" THE DR. ROBERT R. ECKERT MEMORIAL FUND ", and, as so modified, affirmed, with costs to the trustees payable from the estate.

GREENBLOTT, COOKE, KANE and MAIN, JJ., concur.

Decree modified, on the law and the facts, by striking the second and third decretal paragraphs thereof and decreeing in their place that the trust designated as portion " A " of paragraph FOURTH is to be combined with that created as portion " B " of said paragraph FOURTH for the purpose of " THE DR. ROBERT R. ECKERT MEMORIAL FUND ", and, as so modified, affirmed, with costs to the trustees payable from the estate.